In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Joseph Andrew Davis, #16001-058,**  )<br>                                                                         )<br>                                            Petitioner,      )<br>                                                                         )<br>    vs.                                                              )<br>                                                                         )<br>**Warden Michael Pettiford,**                        )<br>                                                                         )<br>                                            Respondent.   )<br>_____) | Civil Action No. 9:07-1670-TLW-GCK<br><br>**REPORT AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE** |

## I. INTRODUCTION

The petitioner, Joseph Andrew Davis ("Petitioner" or "Davis"), a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. STATEMENT OF THE CASE

The Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") Bennettsville in Bennettsville, South Carolina. The Petitioner was sentenced on April 18, 2002 to a 200-month term of incarceration in the United States District Court for the Western District of North Carolina for Conspiracy to Possess with Intent to Distribute and Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846. He has an anticipated release date of September 2, 2016, via Good Conduct Time ("GCT") release.

The Petitioner has named Michael Pettiford, Warden at FCI Bennettsville, as the respondent (the "Respondent") in his petition (the "Petition"). The Petitioner filed this Petition asserting that he is entitled to have prior custody credit awarded toward his federal sentence for the time period of March 9, 2000 through April 19, 2002, which is twenty-five (25) months. Petitioner contends that this credit, which was applied to his state sentence, was done in error

and violates his statutory and constitutional rights.  Petitioner asks the Court to order the Bureau of Prisons ("BOP") to award him twenty-five (25) months of prior custody credit toward his current federal sentence or, in the alternative, grant him an evidentiary hearing.  The Respondent denies that Petitioner is entitled to any further prior custody credit, because the twenty-five months was credited toward Petitioner's state sentence, served in North Carolina, which ended on January 31, 2002.  Respondent contends that the Petitioner is not entitled to double credit.

On September 4, 2007, the Respondent filed an answer to the Petition.  [11]  On September 26, 2007, the Petitioner filed a reply to the Respondent's Answer.  [13]  On October 19, 2007, the Respondent filed a motion for summary judgment with a supporting memorandum.  [14]  By order filed October 23, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  [15]  On November 16, 2007, the Petitioner filed a response in opposition to the motion for summary judgment [17], and also filed a motion to appoint counsel and for an evidentiary hearing.  [18]  On November 28, 2007, the Respondent filed a reply to the Petitioner's motion for counsel and for an evidentiary hearing.  [19]  On November 28, 2007, the Respondent filed a response in opposition to the Petitioner's response in opposition to motion for summary judgment.  [20]  Thereafter, the undersigned denied Petitioner's motion to appoint counsel.  [22]

### III.  DISCUSSION

#### A.  Exhaustion of Administrative Remedies

The Respondent concedes that the Petitioner has exhaust the administrative remedies available under the formal Administrative Remedy procedure established by the Bureau of Prisons prior to filing this action.[1]

---

[1] The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement.  *See* 28 C.F.R. § 542.10.

## B.  Statement of Facts

On August 31, 1998, Petitioner was arrested by state of North Carolina law enforcement authorities for Possession with Intent to Sell and Deliver Cocaine, and Sale and Delivery of Cocaine.  [Respondent's Exhibit #4, Affidavit of Mark Race, ¶4].  Petitioner remained in state custody until September 1, 1998, at which time he posted bond and was released on his own recognizance.  [*Id*.].

On March 7, 2000, an indictment was filed in the United States District Court for the Western District of North Carolina charging Petitioner with Conspiracy to Possess with Intent to Distribute and Distribute Cocaine and Cocaine Base.  [*Id*. at ¶5]  On March 9, 2000, Petitioner appeared in a North Carolina Superior Court, was found guilty of the offenses committed on August 31, 1998, and was sentenced to 19 to 23 months imprisonment in the North Carolina Department of Corrections ("NCDOC").  *[Id*. at ¶6].  The NCDOC commenced Petitioner' state sentence on March 9, 2000, and awarded him two (2) days of prior custody credit for the time period of August 31, 1998, through September 1, 1998.  [*Id.*].

While serving his state sentence, Petitioner was borrowed several times from the NCDOC by the United States Marshals Service ("USM") via a writ of *habeas corpus ad prosequendum* for trial on the federal indictment.  [*Id*. at ¶7]  On January 31, 2002, Petitioner completed serving his state sentence in the NCDOC and was turned over to the exclusive custody of the USM.  [*Id*. at ¶8]  On April 18, 2002, Petitioner was sentenced in the United States District Court for the Western District of North Carolina to two-hundred (200) months federal imprisonment, which is the sentence he presently is serving.  [*Id.*]; *see also* [Respondent's Exhibit #1]

On September 12, 2002, Petitioner arrived at a BOP institution for service of his federal sentence.  [Respondent's Exhibit #4, ¶9].  Petitioner' federal sentence has been computed as commencing on April 18, 2002, the day it was imposed.  [*Id.*]; *see also* [Respondent's Exhibit #2].  Petitioner has been awarded seventy-six (76) days prior custody credit consisting of the

time period February 1, 2002, the day he was placed in exclusive federal custody, through April 17, 2002, the day before his federal sentence commenced. [*Id.*] As mentioned previously, because Petitioner is eligible to earn seven hundred and sixty (760) days GCT, he has a projected release date of September 2, 2016. [*Id.*].

### C.  Whether Petitioner has Stated a Claim upon which Relief Can be Granted

The Respondent argues that the Petitioner has failed to state a claim upon which relief can be granted. As a threshold matter, the Attorney General of the United States, through the BOP, maintains custody of federal prisoners. It follows, then, that the execution of sentences and the computation of jail time is not a function of a district court, but is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP. *United States v. Wilson*, 503 U.S. 329, 335 (1992). This delegation includes the responsibility for computing time credits and determining a sentence termination date once the defendant actually commences serving his sentence. *United States v. Wilson*, 503 U.S. at 335; *see also* 18 U.S.C. § 3585. In any computation of a federal sentence, two separate decisions must be made: when the federal sentence commences, and to what extent the defendant can receive credit for time spent in custody prior to commencement of that sentence. *Broadnax v. Pettiford*, 2007 WL 781725 at *2 (D.S.C. March 12, 2007). In making the first decision, the statutory provision that pertains to the commencement of a federal sentence states:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The BOP has promulgated a Program Statement which provides guidance in the application of this statute. [Respondent's Exhibit #5, Program Statement 5880.28, Sentence Computation Manual-CCCA]. This Program Statement provides that:

> If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for

> which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently.---- In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.

Petitioner's federal sentence was commenced on April 18, 2002, the day the United States District Court imposed it, because on this date Petitioner was in exclusive federal custody and no other sentence existed. [Respondent's Exhibit #4, ¶ 10] With respect to the second decision, as to the extent a prisoner is entitled to received credit for time spent in custody prior to commencement of sentence, the BOP is instructed:

> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The statute, as revised by the Sentencing Reform Act of 1984, which became effective in 1987, specifically precludes a defendant from receiving "a double credit for his detention time." *Broadnax,*, 2007 WL 781725 at *2, *citing Wilson*, 530 U.S. at 337. Here, the record shows that Petitioner was given credit against his state sentence, served in the NCDOC, for the twenty-five months he is seeking to have credited against his federal sentence. [See Respondent's Exhibit #4 at ¶ 14] Pursuant to § 3585(b), Petitioner has received prior custody credit toward his federal sentence for the time period of February 1, 2002, the day he was released from his state sentence and placed into exclusive federal custody, through April 17, 2002, the day before his federal sentence commenced. [Respondent's Exhibit #4, ¶11] Petitioner is not entitled to prior custody credit for the time period of August 31,1998, the day he was arrested by state authorities, through September 1, 1998, the day he obtained bond on the state arrest, because the NCDOC awarded Petitioner with this credit toward his state sentence.

[Respondent's Exhibit #4, ¶12]  During the time period from September 2, 1998, through March 8, 2000, Petitioner remained free in the community on a state bond.  [*Id.*]

On March 9, 2000, Petitioner appeared in the North Carolina Superior Court and was sentenced to 19 to 23 months state imprisonment.  [Respondent's Exhibit #4, ¶6; *see also* Petitioner's [1] at Exhibit 1C].  Petitioner is not entitled to any prior custody credit from this date up to January 31, 2002, because this was time Petitioner actually spent serving the 19 to 23 month state sentence.  [Respondent's Exhibit #4, ¶14].  BOP policy provides that credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign.  [Respondent's Exhibit #5, Page 000017].  It appears to the Court that Petitioner is asked to be awarded credit toward his federal sentence for time he actually spent serving another sentence, which would result in him receiving dual credit.  Simply stated, Petitioner is not entitled to "double count" the twenty-five months against his federal sentence.  *Jordan v. Attorney General*, 2004 WL 3541821 at *4 (D.S.C. 2004).  It is well-settled that offenders cannot receive dual credit.  *See Nguyen v. Department of Justice*, 173 F.3d 429 (6th Cir. 1999); *Ransom v. Morton*, 68 F.3d 481 (9th Cir. 1995); *McClain v. Bureau of Prisons*, 9 F.3d 503 (6th Cir. 1993); *Sinito v. Kindt*, 954 F.2d 467 (7th Cir. 1992); *McIntyre v. United States*, 508 F.2d 403 (8th Cir. 1975); *Vignera v. Attorney General of the United States*, 455 F.2d 637 (5th Cir. 1972); *Doss v. United States*, 449 F.2d 1274 (8th Cir. 1971); *Culotta v. Pickett*, 506 F.2d 1061 (7th Cir. 1974).

Although the Petitioner argues that he was in federal custody on March 9, 2000, but in fact, Petitioner was in the exclusive custody of the state of North Carolina on that date.  As Petitioner's exhibit indicates, he was in state custody on March 9, 2000 and on April 10, 2000, he was removed from state custody by a writ of habeas corpus ad prosequendum issued by the Western District of North Carolina.  [Petitioner's Exhibit [1]E]  Of course, if Petitioner had been in exclusive federal custody, the writ of habeas corpus would have been superfluous.

Petitioner is not entitled to any prior custody credit for the time periods he was borrowed from the NCDOC by the USM to appear in federal court pursuant to a federal writ of habeas corpus ad prosequendum. [Respondent's Exhibit #4, ¶15] The BOP does not award time spent in custody under a writ of habeas corpus from non-federal custody, because the primary reason for writ custody is not the federal charge; however, the court merely borrows the prisoner under secondary custody. [Respondent's Exhibit #5, Page 000022]. In addition, the Courts have consistently held that a federal sentence does not begin to run when a federal defendant is produced for prosecution by a writ of habeas corpus ad prosequendum from state custody. *Stewart v. Bailey*, 7 F.3d 384, 389 (4th Cir. 1993)(a prisoner is not even "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on loan" to that jurisdictions authorities); *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991); *Hernandez v. United States Attorney General*, 689 F.2d 915, 919 (10th Cir. 1982); *United States v. Smith*, 812 F.Supp. 368, 370 (E.D.N.Y. 1993). A prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum, when the time period was credited against his state sentence, as he already had been sentenced on the state offense and was serving that sentence during the relevant time period. *Rios v. Wiley*, 201 F.3d 257, 272 (3rd Cir. 2000); *United States v. Dennis*, 926F.2d 768, 770 (8th Cir. 1991); *Jimenez v. Warden, FDIC, Fort Devens, Massachusetts*, 147F.Supp.2d 24, 28 (D.Mass. 2001). Respondent states that even though Petitioner had been borrowed by the USM, and was in temporary federal custody, to appear in federal court, the state sentence continued to run.

It appears to the undersigned that the Petitioner has received all of the prior custody credit toward his federal sentence to which he is lawfully entitled. Therefore, it is recommended that his Petition be denied and dismissed, and that summary judgment be granted to the Respondent.

### D.  An Evidentiary Hearing is Not Warranted

When reviewing a habeas corpus petition, the district court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." *See* 28 U.S.C.§ 2243. However, this mandate does not require the court to grant every habeas corpus petitioner an evidentiary hearing. *See, Blackledge v. Allison*, 431 U.S. 63, 80 (1977). The relevant question on habeas review, is not so much whether a petitioner has had all the trappings of a full evidentiary hearing, but rather whether the petitioner received "careful consideration and plenary processing of [his claim,] including full opportunity for presentation of the relevant facts." *Id.* 431 U.S. at 82-83 (quoting *Harris v. Nelson*, 394 U.S.286, 298 (1969)).

Based on the foregoing, the undersigned finds that an evidentiary hearing would not aid in the resolution of this matter, and therefore it is recommended that Petitioner's request for a hearing be denied.

## RECOMMENDATION

Based upon the reasons set forth above, it is recommended that the Respondent's motion for summary judgment **[14] should be granted.**

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

April 11, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).